IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LISA A. ISSA, Individually, and on
Behalf of a Class of Similarly Situated Persons,

           Plaintiff,

v.                                           CIVIL ACTION NO. 3:12-0239

WELLS FARGO BANK, N.A.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's motion to amend the complaint and for a new scheduling order (ECF No. 43). Plaintiff's motion is **DENIED in part,** to the extent it requests to amend the complaint. The motion, however, is **GRANTED in part,** as to the request for a new scheduling order.

          **I.**      **Statement of Facts**

Plaintiff Lisa A. Issa initially filed this case in the Circuit Court of Cabell County on January 3, 2012, and the case was subsequently removed to this Court. Plaintiff brings this complaint individually and on behalf of a class of similarly-situated persons, alleging that Defendant Wells Fargo Bank engaged in "abusive" loan servicing practices. Compl., ECF No. 1-1, p. 5-9. The complaint alleges that Plaintiff has a $134,000 mortgage loan serviced by Defendant. Compl. ¶¶ 4-5. In servicing the loan, Defendant allegedly did not apply Plaintiff's loan payments to the principal and interest on the loan, and Defendant charged "unlawful default charges" such as attorneys' fees. *Id.* ¶¶ 7-8. The complaint defines the proposed class and

explains why class certification is proper. *Id.* ¶¶ 9-13. Plaintiff brings the following counts against Defendant:

    Count I:    Assessment of attorneys' fees and other unlawful default charges
    Count II:   Failure to credit payments against amounts due
    Count III:  False representation of amount of claim

All of these claims arise under Chapter 46A of the West Virginia Code, known as the West Virginia Consumer Credit and Protection Act ("WVCCPA"). As for relief sought, Plaintiff seeks a civil penalty for each WVCCPA violation, as well as actual and compensatory damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest. She stipulates that she does not seek recovery over $75,000, "exclusive of costs and interest," for her own individual claim. *Id.* ¶ 21. The deadline for joinder of parties or amended pleadings was June 24, 2012.

Plaintiff filed the pending motion to amend the complaint and requesting a new scheduling order on April 5, 2013. ECF No. 43. In this motion, Plaintiff seeks to amend the complaint to include Lori L. Archbold as an additional plaintiff and class representative. Plaintiff also seeks to make certain changes to the complaint, most notably adding a fourth count—assessment of multiple late fees for a single late payment.[1] Plaintiff states that good cause exists to grant the motion because: Plaintiff did not delay in seeking amendment, as Plaintiff only discovered Ms. Archbold one month ago; Plaintiff provided Defendant with notice of the proposed amendment; amendment will avoid duplicative lawsuits and promote judicial efficiency; and the only discovery thus far has been Plaintiff's deposition. Plaintiff attaches her proposed amended complaint to this motion. ECF No. 43-1.

---

[1] The proposed amended complaint also differs from the original in that it: 1) adds factual details about Ms. Archbold's situation; 2) adds Defendant's state of citizenship; 3) removes the stipulation about Ms. Issa's limit on recovery; and 4) includes an additional part of the WVCCPA as supporting recovery in Count I.

2

Defendant filed a response opposing amendment, ECF No. 46, arguing that Plaintiff seeks amendment to rectify Ms. Issa's own unfitness as a class representative, and that such a motive is not a proper reason to amend. Defendant also argues that the amendment would be futile because this venue is not proper for Ms. Archbold's claims. Plaintiff subsequently filed a reply, ECF No. 48, and the motion is now ripe for resolution.

## II. Standard of Review

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, after the time to amend as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." As this Court explained in *Stewart v. Coyne Textile Services*, "a motion to amend the complaint, filed after the deadline established in the scheduling order, must satisfy the tests of both Rule 16(b) and Rule 15(a)" in order to be granted. 212 F.R.D. 494, 496 (S.D. W. Va. 2003).

As the Supreme Court has explained in discussing Rule 15(a), "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). While Rule 15(a)'s standard concentrates on the moving party's bad faith and prejudice to the non-moving party, Rule 16(b)'s "good cause" standard focuses on the diligence of the moving party. *Id.* at 496-97 (quoting *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995)). Rule 16(b) provides a higher hurdle for movants, and the Fourth Circuit affirms that

3

this higher standard applies when the deadline to amend has expired. *Branch Banking & Trust Co. v. First Am. Title Ins. Co.*, No. 5:11-CV-00473, 2013 WL 85342, at *2 (S.D. W. Va. Jan. 7, 2013) (citing *Nourison Rug Corp. v. Parvizian,* 535 F.3d 295, 298 (4th Cir. 2008)). Again, "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *Id.* (quoting *Montgomery v. Anne Arundel County,* 182 Fed. App'x 156, 162 (4th Cir. 2006) (per curiam) (unpublished decision)).

The Court also notes that the Federal Rules of Civil Procedure allow for a given class to have multiple representatives. *See, e.g.,* Fed. R. Civ. P 23(a) ("One or more members of a class may sue or be sued as representative parties on behalf of all members . . . .").

### III.   Discussion

The Court will first review cases that guide interpretation of Rules 15 and 16 in this context, and then apply those same considerations to the present case.

Defendant, in opposing the motion to amend, claims that Plaintiff is only seeking to amend the pleadings because Ms. Issa is not an ideal class representative. To support this argument, Defendant points to this Court's decision in *Wymer v. Huntington Bank Charleston, N.A.*, No. 3:10-cv-0865, 2011 WL 5526314 (S.D. W. Va. Nov. 14, 2011). *Wymer* involved a motion for class certification, and requested in the alternative leave to amend the complaint. This Court responded to the request as follows:

> Plaintiffs argue that, if the Court finds Mr. Miller is an inadequate representative on any of its claims, they be allowed to file a third amended complaint and name a different class representative. However, the Court is not inclined to allow yet another amendment at this late date. This Court already has permitted Plaintiffs to amend their Complaint on two occasions, which most recently substituted Mr. Miller for Ms. Wymer as the class representative. After a year of discovery, Mr. Miller apparently was the best potential class representative Plaintiffs could find. Yet, as stated above, he has failed to meet his burden that he can adequately

>represent the class. The Court will not allow Plaintiffs to go on an endless hunt for a named representative. At this point, Defendants are entitled to some certainty about the claims they confront and who the named representative is. As this case already has been pending for nearly fifteen months, the Court DENIES Plaintiffs' request to find and substitute another class representative.

*Id.* at *10.

In *Atchison v. Novartis Pharms. Corp.*, 2012 U.S. Dist. LEXIS 37697 (S.D. W. Va. Mar. 20, 2012), this Court denied a motion for leave to file an amended complaint after the deadline for amendment had passed. The plaintiff originally brought a complaint on his own behalf alleging that defendant former employer did not pay all wages due within 72 hours of separation from employment, and did not pay employees at least once every two weeks. This Court granted summary judgment on the latter claim. The plaintiff then moved to amend the complaint to add three plaintiffs suing as individuals and on behalf of a class. Two proposed plaintiffs brought claims regarding frequency of payments; this Court denied their addition to the complaint, because the frequency claim was already resolved, and so amendment would be futile. *Id.* at *3-4 (if the "amendment would be futile, a motion to amend may be denied— even if the 'good cause' requirement is not imposed" (citation omitted)). The third proposed plaintiff did—like the original plaintiff—bring a claim regarding payment after termination, but under a different statute than the original plaintiff; therefore, there was no common questions of law or fact, and this Court denied intervention.

Defendant also cites *Hitt v. Arizona Beverage Co., LLC*, No. 08CV809WQH-POR, 2009 WL 4261192 (S.D. Cal. Nov. 24, 2009). In that case, the named plaintiff sought to withdraw from the lawsuit for "personal reasons" before class certification occurred, but after the deadline for amendment had passed. The district court denied the plaintiff's motion to substitute another plaintiff. Because no class was yet certified, the court reasoned that the class was not yet its own legal entity, and therefore the plaintiff's withdrawal destroyed the existence of any case or

5

controversy for Article III standing. *Id.* at *5. Additionally, even if standing existed, the motion would nonetheless be denied because amendment would cause undue prejudice to the defendants, "effectively moot[ing] the Plaintiff-specific work Defendants have done." *Id.* at *6.

Furthermore, Defendant notes that "where the original plaintiffs were never qualified to represent the class, a motion to intervene represents a back-door attempt to begin the action anew, and need not be granted." *Lidie v. State of California*, 478 F.2d 552, 555 (9th Cir. 1973) (citing *Washington v. Wyman*, 54 F.R.D. 266 (S.D.N.Y. 1971)). In *Washington*, the court faced a complaint against city and state social services departments alleging: 1) violation of the right to a pretermination hearing, and 2) equal protection violations based in reimbursements for housing. The original plaintiff was unable to proceed as a class representative on either claim because he had since received relief for the equal protection violation, and because the parties agreed that he never had a valid pretermination hearing claim. Therefore there were "numerous motions for intervention apparently made necessary by the failure or mootness of the original plaintiff's claim." 54 F.R.D. at 269. The court allowed two individuals to intervene as plaintiffs on the equal protection claim, in part because the original plaintiff's claim was only mooted when the plaintiff received the relief he sought. In contrast, the court did not allow intervention on the pretermination hearing claim, because the original plaintiff never had a valid pretermination hearing claim.

Plaintiff supports amendment by pointing to *Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc.*, 69 Fed. R. Serv. 3d 767 (E.D.N.C. 2007) (finding "good cause" for amendment and that Rule 15 was met). In that case, the court allowed plaintiff Farrar Dairy to amend the pleadings to add Farrar Farms as a plaintiff, because the amendment "merely clarifies ownership over the land on which Farrar Dairy operates and over cows that allegedly died because of

defective Ag-Bag storage bags." *Id.* at *4. The court also allowed the plaintiff to alter the class definition concerning the date of the bags subject the lawsuit. In so deciding, the court noted that "[n]either adding Farrar Farms as a named plaintiff nor altering the class definition raises a new legal theory or requires factfinding not already reasonably considered by" the defendant. *Id.* Also, the amendment was not futile because class certification had not yet happened.

Plaintiff also directs the Court to *Laber v. Harvey*, in which the Fourth Circuit noted as follows:

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." [*Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1986).] An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred. *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case.").

438 F.3d 404, 427 (4th Cir. 2006). The Fourth Circuit further noted that delay in seeking amendment could not on its own justify denial, and that in some cases amendment could be proper even after judgment was entered against the plaintiff. *Id.* (citations omitted).

Furthermore, Plaintiff contrasts her situation to that in *Westfall v. Kendle International, CPU, LLC*, No. 1:05-CV-00118, 2007 WL 486606 (N.D. W. Va. Feb. 15, 2007). In *Westfall*, the district court denied a motion to amend which was filed the same date the defendants' response to the motion for class certification was due. In so doing, the court noted that to allow the amendment at that point would cause prejudice to the defendants, as they would have to redraft their response.

This Court is guided by these cases in considering the pending motion to amend. This case has been pending since January 3, 2012. The Court notes that this is Plaintiff's first motion

7

to amend. Furthermore, nearly a year has passed since the time for joinder of parties or amended pleadings expired on June 24, 2012. Plaintiff states that she only discovered Ms. Archbold approximately one month before filing this motion to amend, which would be around the beginning of March 2013. However, that is approximately eight months after the deadline for amending the pleadings. Although it is not necessarily required that Plaintiff explain why she did not or could not find out about Ms. Archbold much earlier, the lack of such an explanation is troubling here given the significant amount of time that has passed.

Furthermore, discovery commenced over a year ago in April 2012. Plaintiff points out that the only deposition that has occurred so far is her own, but this ignores other forms of discovery that have taken place, namely interrogatories and requests for production of documents. This Court has repeatedly extended the motion to compel deadline, and it is unclear what the actual burdens of discovery have been thus far. This earlier discovery would not necessarily be mooted by the amendment, but Defendant would have to engage in discovery concerning Ms. Archbold and specifically concerning the additional cause of action.[2] The class certification deadline was April 15, 2013, and Plaintiff filed this pending motion ten days before that deadline. Although class certification pleadings have not yet been filed, Defendant will nonetheless face prejudice if Ms. Archbold is added as a party, given the additional discovery required. Allowing amendment to add an additional class representative so close to the class certification deadline and after the discovery that has occurred creates unfair prejudice for Defendant, and will further delay the case.

Even if this Court did not allow Plaintiff to add Ms. Archbold as a class representative, it nonetheless has the option of solely allowing the Plaintiff to amend the complaint to include the

---

[2] This is especially true since it appears that Ms. Issa does *not* allege that she was charged late fees, and so Defendant had no reason to address late fees in earlier discovery.

proposed Count IV. This Court, however, declines to allow such an amendment. This is because the proposed amended complaint suggests Ms. Issa on her own does not have a basis for Count IV. The statement of facts for Ms. Archbold explicitly mentions late fees, but the statement of facts for Ms. Issa does not. Count IV refers to the plural "*Plaintiffs'* account records," but states that "Defendant charged *Plaintiff* . . . multiple late fees," switching to the singular (emphasis added). As a whole, the proposed amended complaint suggests that Ms. Issa's claims do not involve assessment of multiple late fees for a single late payment. If this is not the case, then Plaintiff should have made the wording of the proposed amended complaint clearer. It may be possible that amendment would create judicial efficiency, because Ms. Archbold would file her own case if the motion to amend is not granted. Nonetheless, given the other factors discussed, this Court denies the motion to amend.

Because the motion to amend is denied on other grounds, the Court need not decide if amendment would have been futile based of the alleged insufficiency of Plaintiff's complaint and/or based on alleged violation of the statute of limitations. In any event, Defendant states that "soon Wells Fargo will move for judgment on Plaintiff Issa's claims based upon the grounds outlined herein." This Court's decision on such a motion after full briefing will provide a setting for dealing with those concerns. Defendant also claims that amendment would be futile because Ms. Archbold's addition as a class representative would destroy venue. Although the Court is inclined to disagree with such an argument,[3] it is in the end irrelevant because the motion to amend is denied on other grounds.

---

[3] *See Hancock v. Chicago Title Ins. Co.*, No. CIVA 307-CV-1441-D, 2008 WL 4344620, at *4 (N.D. Tex. Sept. 23, 2008) ("Chicago Title also contends that judicial resources could be wasted if Benavides is allowed to intervene, because this case would have to be transferred to the Western District if Hancock's standing or adequacy is later found to be lacking and venue is lacking here for Benavides's claims. These concerns are too speculative to carry weight. At this

**Conclusion**

For the reasons stated above, Plaintiff's motion (ECF No. 43) is **DENIED in part,** to the extent it requests to amend the complaint. The motion, however, is **GRANTED in part,** as to the request for a new scheduling order. The Court notes that several deadlines have been suspended pending resolution of this motion, and anticipates that this will result in the need for some delay—though not a significant one—in resolution of the case. With this in mind, the Court **DIRECTS** that the parties meet to discuss a new Rule 26(f) Planning Report, and **DIRECTS** the parties to submit such Report no later than **May 20, 2013**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: May 9, 2013

ROBERT C. CHAMBERS, CHIEF JUDGE

---

time, Hancock's standing and adequacy have not been found lacking, and it is unclear whether this court is an improper venue for Benavides' claims.").